```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  COREY CAMPBELL,                                           :
                                                            :    MEMORANDUM DECISION AND
                                                            :    ORDER
                                          Plaintiff,        :
                                                            :     24-cv-5253 (BMC)
                     - against -                            :
                                                            :
                                                            :
  WYNN TRANSPORT, INC., and JOHN                            :
  DOE,                                                      :
                                                            :
                                                            :
                                                            :
                                        Defendants.         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Defendant removed this traffic accident cased based on diversity of citizenship, alleging that it had only learned that the amount in controversy exceeded $75,000 when, within 30 days prior to removal, plaintiff's counsel sent an email making a settlement demand of $350,000. However, annexed to the notice of removal was a bill of particulars from the state court that had been served months earlier, in which plaintiff listed over $150,000 in damages, including $100,000 for future medical expenses. This Court therefore ordered defendant to show cause why the case shouldn't be remanded as untimely removed, as it had notice of the amount in controversy more than thirty days prior to removal.

Defendant responded that the demand for future medical expenses in the bill of particulars was "speculative" and therefore did not trigger the 30-day removal period. It pointed out that the parties had engaged in motion practice in state court when plaintiff declined to respond to defendant's C.P.L.R. 3017(c) demand. In that motion practice, plaintiff stated that he is "still treating and doesn't know the full extent of his injuries, what modalities of treatment are

necessary … what types of physicians he has to treat with, and for how much longer he needs to treat.  Accordingly … Plaintiff is unable to make a demand at this juncture." Plaintiff described his injuries in this motion practice as quite serious. Defendant has not told this Court whether and how that motion practice was resolved.

It is true that a defendant does not have to, and indeed cannot, piece together medical records and general descriptions of an injury to determine whether the amount in controversy exceeds $75,000.  See Livetsky v. Ahold Delhaie USA, Inc., No. 23-cv-1549, 2023 WL 2711317 (E.D.N.Y. March 30, 2023).  There has to be a specifically stated number in excess of $75,000 to trigger the removal clock. See Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010). But a defendant cannot reject a stated number because it considers the number "speculative" or it has other defenses to plaintiff's assessment of damages. That would introduce the same kind of indefiniteness as to when the removal clock begins to run that Moltner sought to prevent. (In any event, there was nothing less speculative about plaintiff's $350,000 settlement demand than there was about his anticipated $100,000 in future medical expenses. Both obviously included plaintiff's projection of his future medical expenses.)

The statute does not speak in terms of what a plaintiff is "demanding"; rather, diversity jurisdiction is based on the "amount in controversy." 28 U.S.C. § 1332(a). A settlement demand can be one indicator of the amount in controversy, but it is well settled that a bill of particulars that lists specific dollar amounts, even anticipated future medical expenses, is also sufficient. See Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co., No. 19-cv-7294, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (collecting cases).

It was incumbent upon defendant's counsel, upon seeing that plaintiff had listed in excess of $150,000 in present and future damages, to realize that there would be at least that much in

2

controversy and the 30-day period had then begun to run. Had defendant removed then, plaintiff would hardly have been in a position to say to this Court, "I take it back." See <u>Quinones v. Nat'l Amusements, Inc.</u>, No. 07-CV-0663, 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007). The amount in controversy in excess of $75,000 had already been established.

The case is remanded to the Supreme Court, Kings County, as untimely removed.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
August 22, 2024

3